UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAUSAU INSURANCE COMPANY, a foreign corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>INLAND-JOSEPH FRUIT COMPANY, a Washington corporation, and SUSAN PUTNAM and her marital community,<br><br>    Defendants. | NO. CV-04-3127-RHW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants Inland-Joseph Fruit Company's and Susan Putnam's ("Inland-Joseph") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Ct. Rec. 8). The Defendants assert that the Court lacks federal jurisdiction to hear this case, because Plaintiffs have failed to allege a case or controversy. Specifically, the Defendants assert that the Complaint "nowhere denies that the policy provides the coverage claimed by the defendants, nor sets forth any rationale for any denial of coverage." The Plaintiffs respond that there is a justiciable controversy between the parties, which arises out of the interpretation of an insurance policy.

This Court is limited to adjudicating "actual cases and controversies." *See Gator.com Corp. v. LL Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005); U.S. Const. art. III, § 2, cl. 1. When evaluating whether a case or controversy exists in a case "in which a plaintiff seeks declaratory relief" the Court must determine

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** * 1

"whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Gator.com*, 398 F.3d at 1129 (citations and quotation marks omitted). An insurer may invoke diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage. *See Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992).

The Complaint asserts that there is no coverage under the contract for the claims raised in the underlying lawsuit, and seeks an order declaring that "Wausau does not have an obligation under the Policy to defend or indemnify Inland-Joseph." *Complaint* ¶ 5.3 at 6 (Ct. Rec. 1). Accordingly, the face of the Complaint reveals that there is a justiciable controversy regarding the interpretation and application of coverage. The fact that Wausau admits that it issued an insurance policy to Inland-Joseph Fruit Company is unimportant because the controversy is regarding the scope of that coverage.

For these reasons, the Court finds that an actual case or controversy exists, sufficient to support this Court's jurisdiction.

Having reviewed the record, heard from counsel, and been fully advised in this matter, **IT IS HEREBY ORDERED** that:

1. The Defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Ct. Rec. 8), is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 2nd day of May 2005.

s/ ROBERT H. WHALEY
UNITED STATES DISTRICT JUDGE

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** * 2

1  Q:\CIVIL\2004\Wausau\deny.mtd.ord.wpd

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** \* 3